W 2-14-1081 Sequel to the State of Illinois Attorney General Kelly v. Dwayne A. Borowski v. Mr. Kellogg Attorney General on behalf of the defendant Kellogg, Attorney Mr. Daniel J. Regner Attorney General on behalf of the defendant Kelly, Attorney Mr. Victoria Joseph Alright, good morning. Mr. Regner, are you prepared to proceed on behalf of the appellant? Yes, Your Honor. Alright, then at this time you may proceed. Thank you. Thank you. Your Honor, just to clarify, this is my first time here and I'm unfamiliar with the time process. I understand the time limits, but is there a particular warning or do I just keep track of my own time? No, you're good. There will be a bell when you're over here. So I'll just get a bell when my time's up? Yes, but if you're in the middle of a thought or a sentence, we will, of course, allow you to finish your thought. And then, of course, you will have time on rebuttal. Keep that in mind as well. Right. And, Your Honor, it's 15 minutes and 5? Correct. Thank you. May I proceed? Yes. Your Honor, this effectively is the next chapter of this Court's 2004 Smith ruling. It will be Smith v. Sequel, if you please, the next step in this Court's Smith case. May I just ask you a brief threshold question? You're not contesting that the bond forfeiture judgment in a prior prosecution can be used to enhance the charge. That's not your issue, is it? No, Judge, I recognize and I'm not challenging the 2004 decision that the judgment conviction bond forfeiture may, under circumstances, be used in subsequent offense. Yes, absolutely, Your Honor. We recognize and accept that as the state of Illinois case law, or at least this District's ruling. Your Honor, we look back to the Smith defendants in that case, two unrelated driving while license suspended cases, and we look at what occurred to them. Both of those Smith defendants were arrested and charged with misdemeanor driving while license suspended. They both failed to appear in the trial court, resulting in bond forfeitures and judgment of bond forfeitures being issued by those trial judges. Then, when those judgment bond forfeitures go down to the Illinois Secretary of State, the Illinois Secretary of State then assigns to the Smith defendants a judgment of conviction based upon the bond forfeiture under Chapter 6 of the Illinois Vehicle Code. And the unique definition of the expanded definition of conviction that's provided for in Chapter 6 of the Illinois Vehicle Code. So, in this case, the Secretary of State's record showed the bond forfeiture judgment to be vacated, right? In my client's case, Your Honor? Yes. At the time of the charge, the judgment bond forfeiture and the subsequent judgment bond forfeiture conviction stood in 2008 at the time my client was stopped and arrested by the police in Boone County. But then by the time of prior to sentencing and in the interim prior to this while the case was pending, my client undertook steps that cleared up and removed and had vacated. But in reality, that never happened, did it? Didn't the circuit clerk's records from McHenry County show that the motion to vacate the bond forfeiture was denied? The motion to vacate the bond forfeiture, and I did represent, I was not originally on the Boone County side, Judge, but yes, I was there, and that's my handwriting on the court order and the court record, yes. The judge said that he's not going to refund the bond money, he's not going to vacate the bond forfeiture itself. Under the Bail Act, who has authority to vacate a bond forfeiture? Well, that would be with the trial judge. Right. To vacate the bond forfeiture, but I guess, Your Honor, there's a distinction. Or to vacate the judgment, only the trial court can do that. Right, yes. But the only judgment that a trial court enters, because this is a state charge, it's not a local ordinance where it's a preponderance of the evidence, it's not a petty offense, this is a state charge that requires a finding beyond a reasonable doubt. And there's differences under Supreme Court rules as to a default judgment on a local ordinance petty offense as opposed to a state charge requiring a finding beyond a reasonable doubt. And so this is just a judgment bond forfeiture that that court sends down. But that, I mean, it's not a judgment conviction on the underlying charge bond forfeiture. That is assigned by the Illinois Secretary of State. That's not an assignment. All the court says is bond forfeiture, you failed to appear on this state misdemeanor charge. That judgment, they do not make a finding on the underlying charge. He's still presumed innocent of the underlying charge. How is this case different than Smith v. He said you weren't contesting that it can be used to enhance. The difference is, Judge, at the time of sentencing, at the time he pled guilty, Mr. Brodsky pled guilty, he undertook the substantial safeguards. This court said the only reason we will allow you to use a judgment conviction based upon a bond forfeiture has assigned by the Illinois Secretary of State. Again, the trial courts don't assign judgment conviction bond forfeiture. That's an assignment under the statutory scheme, Chapter 6, made by the Illinois Secretary of State. At the time he was arrested for this charge, the records clearly showed bond forfeiture conviction for the prior, correct? Correct, Judge. And how is this different than, like, the offense of bigamy, for example? A person who's married goes out and gets married again, violates the bigamy statute. Then he goes in and gets an annulment of the first marriage. Can he still be prosecuted for bigamy? The answer is yes. I think yes, Judge, he can. How is this different than that? Because it's similar to the arrest. It's the status at the time of the arrest. He's being convicted for his conduct on the date of the offense, not for the status of his driver's license at the time of the sentencing. Your Honor, I understand what you're saying. Is that correct or not? On the bigamy? Yes, Judge. Isn't the status of his driver's license at the time of the offense the operative date for purposes of sentencing? It's the status of did he have a conviction or not, Your Honor. What you're talking about in the bigamy statute... Isn't the driver's license the status of his record on the date of the... Well, no, I don't agree with that, Judge. I would put it more... Do the cases exist then? I don't judge. But what I would suggest to you on this bigamy hypothetical that you've given, and it's similar to what's in the Elliott case that the appellate prosecutor, and I think it was at the trial court race as well, about the rescission. When you're charged with license suspended, the rescission. Well, the rescission, is it retroactive or is it just proactive? And the Illinois Supreme Court said it's just proactive. And so we're looking at a snapshot on the day of the offense. The rescission is just proactive. Therefore, the rescission stands. But the fundamental difference between a suspension and the rescission of a suspension and the bigamy case you're talking about, Your Honor, is we're going to... Suspensions are civil actions. And marriage is a civil action. So whether you were married or not, that annulment, that is a civil action. That's based on civil law. And you don't have the same heightened, I guess, protections and presumptions of innocence and constitutional protections that go with criminal cases. What I would say that this is more like, Your Honor, is a subsequent... Let's look at the hard criminal code, a subsequent offense, domestic violence. Someone gets convicted of domestic battery misdemeanor. Then they go get a subsequent charge of domestic battery. Now the state charges them rightfully at the time of the incident with a class 4 subsequent offense, class 4 felony, domestic battery. Let's say they get convicted of that subsequent offense, class 4 felony. Now they've got the misdemeanor and they've got the felony. And, Your Honor, I submit if that original misdemeanor was under appeal, that misdemeanor conviction was under appeal, and after the felony conviction, that misdemeanor got reversed by a higher court and ultimately was dismissed, then... Yeah, but where's the analogy here? Because the bond forfeiture here wasn't vacated. But, Your Honor, there's a distinction. A bond forfeiture by a trial court and a judgment upon forfeiture is not the judgment of conviction itself. And what we're doing is we're turning the entire statutory scheme on its head. We have co-equal branches of government. We've got the Illinois Secretary of State. And that provision of Chapter 6 that was at the heart of the Smith ruling, that is a provision for the Illinois Secretary of State to make an administrative adjudication, administrative finding. People fail to appear to court. We can count that as a conviction. And they're not concerned about subsequent offense. I'm sorry, Your Honor. Here's what I think you're overlooking. Yes, we have three co-equal branches of government, okay? But the Secretary of State doesn't operate independently of what goes on in court. If there's an error, if they misinterpret a court ruling or a court decision, you're saying because they're a co-equal branch of government that their records trump the circuit clerk's records? It is not a question of trumping it, Your Honor. It's a question of who actually signs the judgment of conviction for a bond forfeiture. A judgment on bond forfeiture and a judgment of conviction based upon bond forfeiture are two separate— And so who signs either one of them? Does the Secretary of State sign it? The trial court assigns the judgment of bond forfeiture, and that's always assigned. Nowhere on a court order have I ever seen—I mean, in your collective experience, Your Honor, have you ever seen a trial court issue? The 1994 McHenry County judge did not say judgment bond forfeiture, judgment conviction bond forfeiture. You know, the definitions in the vehicle code take care of that. They say for purposes of the vehicle code and for purposes of this particular issue that we're talking about here, a bond forfeiture judgment is considered a judgment of conviction for purposes of enhancement, of enhancement, and that is Smith. But the question becomes who gets to assign that as a conviction. And if you look at the entire statute— There were no pleadings. It would have just been sent. The results of that 1994 case would have just been transmitted from McHenry County down there that the charge was nulliprost. And based upon that nulliprost—I mean, I'm assuming—no, I don't have—the answer to your question is no, Judge, I don't have anything. So they nulliprost it just based on the assumption that the bond forfeiture was wiped out as well, when in fact the trial court— They would have got the entire order, Your Honor. I believe the entire order was transmitted. Was there a mistake by the Secretary of State? Possibly, Judge, but— It's not possibly. That's a fact. They cannot overrule a court order. But there's no court order that assigned a conviction to that judgment bond forfeiture. The judge refused to vacate the bond forfeiture. Correct. But there was never a judgment conviction assigned. And, Your Honor, I mean, what we're getting to is, if you put yourself in Mr. Borowski's shoes, and attorneys every day in this state— because, as Your Honors are well aware, thousands of times a day in this state, attorneys look to those abstracts, we rely upon those abstracts, we go to court with those abstracts for a multitude of reasons, and everyone in this system, under the entire statutory scheme, are relying upon the certainty and the reliability of what that abstract means. Again, we don't know why the 1994 driving on a suspended license was not a prostitute. Is the officer deceased, no longer available? Do we know? Nothing was stated on the record, Judge. I would assume just the age of the case. Right. There was nothing on the record, particularly from the prosecutors. You used to call it the cat and dog call, where you bring in all the cases, 10, 15, 20 years old, and the state has to make a decision, go forward with this case. Why shouldn't the bond forfeiture still be on this record? I guess the issue becomes, Judge, is, Your Honor, is, if you're Mr. Borowski and the Illinois Secretary of State has now told you that this is vacated, this is removed, you don't have a judgment conviction bond forfeiture, Mr. Borowski then goes with his public defender, relying upon that, back to the circuit court and enters a blank plea of guilty to either a misdemeanor or a felony, there had to be some reliability and certainty upon that. And, you know, granted, Your Honor, if, you know, you're going to make your ruling under the laws to, if there's some conflict between the Secretary of State and the trial court, the trial court should trump, but when you put yourself in Mr. Borowski's shoes and his public defender who represented him over there, they're relying on the certainty and the reliability of the Secretary of State. Let's assume that's all true, okay, and you have a compelling argument from a human interest standpoint. But isn't the overarching goal of the criminal justice system to get it right? And if, in fact, it wasn't vacated, do we as a court say, yeah, you know, it really wasn't vacated, but we'll give him a pass because, you know, in fairness to him, he didn't know it. Do we announce a rule that says that? Can we announce a rule that says that? No, Judge, I don't believe you can, nor should you. I get it comes down to, and Your Honors are fixated upon, that the bond forfeiture was not vacated. But it comes down to, and I continue to argue that a bond forfeiture issued by the trial court is not a judgment of conviction, that that needs to be assigned by the Illinois Secretary of State. Secretary of State mirrors what goes on in court. So you're saying that this is the second step. The Secretary of State, according to you, gets to interpret whether or not this goes down as a conviction for enhancement. That seems to be what you're saying. No, Judge, it does not. The primary purpose of that definition in Chapter 6 is not to create subsequent offenses. That power and authority to determine and assign a judgment conviction on a bond forfeiture is granted to the Illinois Secretary of State for the thousands upon thousands of cases. You didn't show up to court on a speeding ticket. You failed to appear. We assign it now a judgment conviction based upon your bond forfeiture. That's why that power is given to the Secretary of State under Chapter 6. And that's why it's for purposes of this chapter. So the Secretary of State can take adverse administrative action against individuals for failing to appear in court for getting bond forfeitures. That power is given to them within the administrative scheme, in the statutory scheme. Thousands upon thousands of days. So you're saying that the Secretary of State hearing officers, they can trump the General Assembly's definition of conviction? That's essentially what you're saying because we read the statute under a common sense interpretation, correct? Apply the words that it's written? I'm not saying they can trump it. I'm saying they're given the authority by the legislature to apply it. Where in the vehicle code does it say that the Secretary of State can vacate a bond forfeiture? Or ignore a bond forfeiture. Or ignore a bond forfeiture. Judge, I don't believe they can. I can't cite any word of the administrative rules. Their treatment of court dispositions, I don't have. And I don't have the answer to that. Just one last question. There's no doubt the General Assembly is aware of Smith. And they've had 14 years to make a correction to this if this is a harsh result, correct? They could have changed the law. Oh, absolutely, Judge. Yes. But, again, I don't believe it's a question of changing Smith. This is, again, the next chapter. Did Mr. Borowski avail himself of the procedural safeguards in due process? Did he, in fact, have the judgment conviction vacated by the Eleanor Secretary of State? He reasonably relied upon that determination by the Eleanor Secretary of State. Went back to that court with absolute confidence and belief that he no longer had a conviction upon him. He relied upon it. Even if the Secretary of State is wrong and the trial court is right, Mr. Borowski, by the conflict and confusion between the two, is being penalized. He's being penalized by his reliance, even if it's an error or wrong, he's being penalized because he had every expectation as his public defender that the court would say, yeah, you don't have a prior. All right. Your time is up at this time. Thank you, Mr. Regan. And you will have time to address us again in rebuttal. Thank you. Thank you. Ms. Filson. Good morning, Your Honors. May I please have the court counsel? I think Your Honors pointed out the plain language of Section 6303D. And in 2008, the statute read that a person convicted of a second violation of the statute can be guilty of a class 4 felony. And as this court held in Smith that a bond forfeiture constitutes a prior conviction as it provided various examples throughout the vehicle code that allowed for the bond forfeiture. That's all true and correct to what she seems to say. But the Secretary of State has some role in interpreting the legal effect of the court's ruling. What do you make of that argument? I honestly don't know what the Secretary of State did in this case, Your Honor, because the court order clearly showed that the bond forfeiture was not vacated. And I personally don't know how the Secretary of State operates, but the court order, the people would argue, is what controls in this case. And the court order was made in 2013 before the defendant pled guilty. You know, to say that you're relying on one thing versus another, you also had a court order telling you that your bond forfeiture was not vacated. So the people would assert that the court order is controlling in this case. It is showing the bond forfeiture, which does exhibit the violation under the statute. As far as counsel's argument that he availed himself of the safeguards, the people would reply that he did try to avail himself of the safeguards of having that removed, but he was unsuccessful in doing so. The safeguard is the proceeding. It's not the result, correct? It's the proceeding. So he did avail himself of the due process safeguards. He did avail himself of the safeguards. However, he ends up in the same position as the defendant in Smith where he still has the bond forfeiture in place at the time, and that makes it the same factual circumstance as Smith where the bond forfeiture has not been vacated. Does the Secretary of State's reaction, interpretation, or misinterpretation in this case of what happens in court, does it matter under the law as to whether or not the conviction stands? The people would assert that it does not. Like I said, I personally don't know what the Secretary of State did in this case. I'm not sure how they operate, but the court order did not vacate that bond forfeiture. And that should be the end of the inquiry, you're saying? That is what the people would assert. That is what the court order indicated, the bond forfeiture was not vacated. And whether it was human error, whether it was a misapplication, I don't know what the Secretary of State did. But it wasn't vacated in court? It was not vacated in court. Did the record of the Secretary of State, what they did, I cannot account for the difference between the court order and the driving abstract as of November of 2014. As the people said, under Smith, we are in the same more or less factual position as Smith. It is still good law, and this court should uphold the felony conviction. Do you have any other questions? The vehicle code can determine that a bond forfeiture is also a conviction. But could the defendant also have been charged with and convicted of violation of bail bond under the criminal code? Could he have suffered a dual punishment for that violation? As stated in Smith, it did distinguish from the criminal code, as in the judgment of conviction or sentence was only the finding of guilt or a plea or a finding of guilt. So it did distinguish the vehicle code was expressly different than the criminal code in that such a bond forfeiture or default order could be considered a prior violation or in this case a prior conviction as distinguished from the criminal code, which the definition did not include convictions based on bond forfeiture and default orders. So that there is that distinction, and that would not be under this reasoning, would not be occurring under the criminal code. And under Smith, counsel is arguing that he bailed himself for those procedures. But under Smith, our court was talking about procedures in the context of a courtroom proceeding before a judge, not an administrative hearing officer, correct? That we said in Smith we know that when the defendant fails to appear on charges under the vehicle code and consequently sustains a conviction by way of bond forfeiture, the defendant may move to vacate that conviction. However, when the defendant fails to avail himself of the safeguard, the legislature has permitted courts to infer that the defendant committed the offense. Yes, that is. So the inference is, but how does that inference play when the state subsequently dismisses the charge? Now they process the charge. We don't know. Maybe it was a defense that the defendant wasn't the driver. Somebody else was using his driver's license. Again, Your Honor, unfortunately we have no facts as to why that was not processed. As counsel stated, it likely was due to the age that went between the case. And the defendant did try to avail himself or did avail himself of the safeguards 19 years after the fact, which probably was part of the reason I would make a hypothesis that it was not continued due to various factors of an officer no longer being alive, no longer being an officer. Who knows what the information was that they had or not had. But the choice of whether to prosecute or not is obviously left with the state. And that does not necessarily mean that the defendant did not commit the offense. And under the vehicle code, the conviction of the underlying offense is not what is necessary. It's the actual violation. So the choice of not prosecuting could be based on a multitude of factors. It has nothing to do with whether the commission of the violation actually occurred. Are there any other questions? All right. Thank you. Thank you. Mr. Regan, you may respond on your bottom. Your Honor. Again, with respect to Smith and those Smith defendants, there is a distinct, significant difference between them. And particularly what your honor pointed out. The Noli process. Once that Noli process occurs, once that dismissal occurs, for whatever reason, the strongest presumption of innocence. I mean, there was already presumption of innocence to my client in a general sense to the criminal charge. Because he never was adjudicated of it, did not have a trial, did not plead guilty, did not admit to the facts, nor anywhere on the record. I mean, we've only admitted on the record that he was charged with those facts or charged with that case and that it was a judgment bond forfeiture. But never any time has he ever admitted to being the driver of that vehicle back in 1994 and admitted to the underlying charges. But once that charge is dismissed as opposed to the Smith defendants, that is a massive game changer. It has to, your honors. Otherwise, we're going to impose criminal sanctions, significant criminal sanctions upon Mr. Borowski where those charges were outright dismissed. Well, let's carry your argument out to its perhaps far out extension or my logical extension. So somebody incurs a bond forfeiture, disappears, leaves the country for 10 or 15 years. The officer that writes the ticket in the interim passes away. So according to you, it doesn't matter. Maybe they Noli processed the case because they didn't have a witness to prove the case. According to you, defendants should win because after all, you know, the case got dismissed. It's not according to me, your honor. I mean, murder cases. Does that seem right? Yes. Under the Constitution of the United States and the state of Illinois. Yes, your honor. Aren't you overlooking the fact that there's there's one person who knew this case was pending for 14 years and could have gone in any any one of those years, any one of those months. Hold on. Don't. And and could have said, judge, I went. He could have done that within 30 days. You could have done it within 90 days or a year. Go in and say, judge, I want to vacate this bond forfeiture. I'm not guilty. I want a trial for 14 years. He could have done that. Your honor. If he knew about it. And he knew about it because he was arrested. He knew he was ticketed, your honor. He knew the charge was pending. He knew he didn't appear in court. All he had to do was file a motion to vacate it. And for a new court date, the court would give him a new court date. If he fully understood the legal process, the legal indication. We all assume everybody understands. He's an out-of-state resident, your honor. He had a valid Wisconsin driver's license this entire time. Even dating back to the 1987 DUI. So he's an out-of-state resident. Gets a 1987 Illinois DUI. His Wisconsin license, if in fact that remains valid the whole time. Then he doesn't have any particular concern or understanding that they're going to create an Illinois file and suspend him on that DUI. He gets that 1994 DUI. So his naivety to the consequences in Illinois should work in his favor. It's not that it should or shouldn't work in his favor, your honor. No, it probably shouldn't work in his favor. Except you go back to the constitutional protections and safeguards. Unfortunately, murder cases, death penalty, death row cases get reversed. All of a sudden it's 30 years later. All of a sudden the state is faced with mounting problems of police officers have retired, passed away, are unavailable. Witnesses have passed away. But it doesn't change the underlying standard of beyond reasonable doubt on those charges. Fair or not fair, your honor. I'm not arguing, you know, that it's fair or condone asking this court to condone the 14-year absence of my client. But when you look at the hard procedural facts, you know, the hard facts, they are what they are. And we're not asking for no punishment. Mr. Barofsky is willing to stand before the court and say I accept a misdemeanor driving while license is suspended. We're not asking to just walk from this. He should be allowed to withdraw his plea of guilty. Isn't that really your argument? Well, that's the secondary argument, your honor. I mean, the primary argument is. Was there a motion to withdraw the plea? Yes, Judge. We made a motion to withdraw. That's when I became involved. I filed the motion after he pled, blind pled guilty to a misdemeanor or felony. Then he contacted me. I filed an appearance in the Boone County matter. And that's my first involvement there was, in fact, with a motion to withdraw a plea that was denied by the trial court. And your honor, it sounds like you have a good mitigation argument or a good equitable argument. The equities of the case. But as far as the case law, this is this is tough. Your honor, it doesn't. And we're not in any way trying to ask you to overturn Smith. I don't think that what we're asking is inconsistent with Smith. And that's really the only case law. That directly has anything to do with it. And just we're not asking you to overturn that. This defendant is his factual circumstances are significantly different from the Smith. One, the charge is outright dismissed. The underlying misdemeanor is outright dismissed. And in the Smith defendant's cases, the underlying charges were never dismissed. Two, the secretary of state has also expunged a vacated from their record. And that did not exist in the Smith case. So they are factually different. And there really I don't think is even case law, your honor. All right, your time is up. We thank you very much. I'd like to thank on behalf of the court both counsel for the quality of their arguments. The matter will be taken under advisement. A written disposition will issue in due course. We stand adjourned to prepare for the next case. Thank you. Thank you.